UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH T. GOODRICH, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>GOOD SAMARITAN REGIONAL )<br>HEALTH CENTER d.b.a. )<br>SSM HEALTH GOOD SAMARITAN )<br>HOSPITAL – MT. VERNON, )<br> )<br>    Defendant. ) | Case No. 3:22-cv-2950<br><br>JURY TRIAL REQUESTED |

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

Comes now, Joseph Goodrich, Plaintiff, by and through his attorney Julie Griffeth Quinn of Quinn Law & Mediation, LLC, and for his Complaint of Employment Discrimination states as follows:

1) The Court has jurisdiction over this matter as this is a federal question. Plaintiff alleges discrimination on the basis of religion under Title VII of the Civil Rights Act of 1964.

2) Plaintiff, Joseph Goodrich, was employed at SSM Health Good Samaritan Hospital—Mt. Vernon as a security officer from January 2017 to September 25, 2021.

3) During the time of his employment, Goodrich received favorable employment evaluation reviews from Defendant (hereinafter "Employer").

4) On or about July 12, 2021, Joseph Goodrich informed Employer that he was opting out of COVID-19 vaccination because of his sincerely-held religious beliefs and Employer granted his request.

5) On or around September, 2021, Employer informed Goodrich that he would need to be tested for COVID-19 weekly because he was not vaccinated for COVID-19.

1

6) On or about September 22, 2021, on his day off, Goodrich attended a meeting with his supervisor, Mike Tepe, and his department manager, Chad Black. At that meeting Goodrich submitted his "Conscientious Refusal" to decline consent to weekly COVID-19 testing.

7) After his meeting with his supervisor and department manager, Goodrich emailed and mailed by certified mail a signed copy of his "Conscientious Refusal" to weekly COVID-19 testing to Laura Kaiser, President/Chief Executive Officer of SSM Health. Goodrich requested a reply but did not receive one.

8) After his meeting with his supervisor and department manager, Goodrich emailed and mailed by certified mail a signed copy of his "Conscientious Refusal" to weekly COVID-19 testing to Jeremy Bradford, President of SSM Health Good Samaritan Hospital – Mt. Vernon. Goodrich requested a reply but did not receive one.

9) Goodrich's "Conscientious Refusal" to weekly COVID-19 testing cited state law regarding the right of conscience.

10) Under the Illinois Health Care Right of Conscience Act, cited by Goodrich in his letter to his employer, "'Conscience' means a sincerely held set of moral convictions arising from belief in and relation to God, or to which, though not so derived, arises from a place in the life of its possessor parallel to that filled by God among adherents to religious faiths." 745 ILCS 70/4(e).

11) Based on Goodrich's letter to his employer and his previous religious exemption dated July 12, 2021, Employer was on notice that Goodrich's objection to routine COVID-19 testing was religious in nature.

12) On September 25, 2021, Joseph Goodrich received a letter from Chad Black, Employer's manager for security, indicating that Employer's director of human resources instructed

Chad Black that Joseph Goodrich would not be allowed to continue on his scheduled work shift on September 25.

13) On September 25, 2021, Joseph Goodrich was placed in a paid time off status pending further direction from SSM Health Illinois leadership and was walked out of work.

14) On September 28, 2021, Joseph Goodrich received a letter from Kischa Jackson, Employer's director of human resources, stating that all employees who are unvaccinated must present for testing and because Joseph Goodrich would not consent to testing he was terminated via email effective September 28, 2021.

15) Defendant employer did not offer Goodrich any sort of accommodation for his religious belief and religious practice concerning COVID-19 testing.

16) In the past, Employer allowed employees with religious objections to the influenza vaccination to wear masks, instead of receiving the vaccination.

17) Other reasonable accommodations could have been made to allow Goodrich to continue his employment with Employer while accommodating Goodrich's religious beliefs and practices.

18) Goodrich filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and received a notice of his right to sue on September 20, 2022.

19) As a result of his unlawful termination by Employer in violation of his religious rights, Goodrich suffered and continues to suffer damages in the form of lost wages, lost benefits, pain and suffering, emotional distress, attorneys' fees and court costs.

20) Employer's conduct in terminating Joseph Goodrich for his religious beliefs and religious practices was malicious and/or reckless and should subject Employer to punitive damages.

21) Goodrich requests damages in the amount of $300,000.

WHEREFORE, Plaintiff, Joseph Goodrich, prays that he be allowed to return to his

employment as a security officer at SSM Health Good Samaritan Hospital—Mt. Vernon; that he be compensated for paid time off that was lost as a result of being wrongfully terminated from work; that he be granted damages including his lost wages, lost benefits, compensation for pain and suffering and emotional distress, reimbursement for attorney's fees and court costs; the Court impose punitive damages on Defendant for its malicious and/or reckless conduct, and for such other relief as is just and proper.

                                                  Quinn Law & Mediation, LLC
                                                  Attorney for Plaintiff, Joseph Goodrich

                                                  BY     /s/ Julie Griffeth Quinn

Julie Griffeth Quinn
IL ARDC 06269852
QUINN LAW & MEDIATION, LLC
901 North St.
Mt. Vernon, IL 62864
Telephone: 618/242-9580
Email: jquinn@mtvernonlawyer.us