UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JOSEPH T. GOODRICH,                          )
                                             )
              Plaintiff,                     )
                                             )
v.                                           )     Case No. 3:22-cv-02950-DWD
                                             )
GOOD SAMARITAN REGIONAL                      )
HEALTH CENTER d/b/a                          )
SSM HEALTH GOOD SAMARITAN                    )
HOSPITAL – MT. VERNON                        )
                                             )
              Defendant.                     )

**DEFENDANT'S MOTION FOR SANCTIONS**

COMES NOW Defendant, Good Samaritan Regional Health Center d/b/a SSM Health Good Samaritan Hospital – Mt. Vernon, by and through its attorneys and pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, files its motion for sanctions, and in support of its motion, states as follows:

1.      Plaintiff filed his original lawsuit regarding the circumstances surrounding the termination of his employment on or about December 16, 2021 in the Circuit Court of Jefferson County, Illinois ("Jefferson County"). (**Exhibit A**). Plaintiff's original lawsuit included two (2) counts: a claim under the Illinois Health Care Right of Conscience Act (Count I) and a claim for wrongful termination for failure to submit to emergency use authorization products (Count II). *Id.*

2.      The case was removed to this Court and, on May 23, 2022, this Court entered an Order dismissing Count II and remanding Count I back to Jefferson County for disposition. (**Exhibit B**). *See Goodrich v. Good Samaritan Regional Health Center d/b/a SSM Health Good Samaritan Hospital – Mt. Vernon*, Case Number 22-cv-132-DWD.

3.      On July 19, 2022, Jefferson County dismissed Count I of Plaintiff's lawsuit concluding that the circumstances of Plaintiff's termination failed to state a claim under the Health Care Right of Conscience Act or, alternatively, that an amendment to the Act barred Plaintiff's claim. (**Exhibit C**).

4.      In its Motion to Dismiss and Suggestions in Support, Defendant relied upon and cited extensively to Executive Order 2021-22, which was signed into law by Illinois Governor J.B. Pritzker on September 3, 2021. (**Exhibit D**). Governor Pritzker's Executive Order expressly provides that health care employees in the State of Illinois, such as Plaintiff, were required, as of September 19, 2021, to either be fully vaccinated against COVID-19 or submit to weekly COVID-19 testing. (**Exhibit E, p. 4**). The Executive Order further provides that health care facilities, such as Defendant, "shall exclude" from its premises any workers who do not comply with one of the requirements of the Executive Order. *Id.* As Plaintiff refused to comply with either of these requirements, Defendant was required by law to exclude him from the premises (i.e., terminate his employment).

5.      On August 10, 2022, Plaintiff filed a Notice of Appeal of the Jefferson County Court's decision. (**Exhibit F**). That appeal is currently pending before the Illinois Appellate Court, Fifth District, *Goodrich v. Good Samaritan Regional Health Center d/b/a SSM Health Good Samaritan Hospital – Mt. Vernon*, Case Number 05-22-0510.

6.      In its Appellee's Brief which was filed in the pending appeal on December 21, 2022, Defendant once again relied extensively on Governor Pritzker's Executive Order and the above-referenced language from that Executive Order in support of its decision to terminate Plaintiff's employment. (**Exhibit G**).

4864-8200-2507, v. 1

7.      Accordingly, Plaintiff and Plaintiff's counsel have been aware of Executive Order 2021-22 and its requirements for months prior to the filing of this lawsuit, and should have been aware of the law prior to that lawsuit having been filed.

8.      In his current lawsuit, Plaintiff alleges that Defendant violated the Title VII of the Civil Rights Act of 1964 by failing to provide Plaintiff an accommodation to his sincerely held religious belief pertaining to COVID-19 testing requirements. (**Complaint, ¶ 15**). Plaintiff's Complaint, however, omits any mention of Executive Order 2021-22 or its COVID-19 testing requirements, fails to mention that weekly COVID-19 was the only accommodation permitted by law to individuals who declined the COVID-19 vaccination due to religious reasons, and fails to mention that the Executive Order required Defendant, as a matter of law, to exclude Plaintiff from its premises for refusing both COVID-19 vaccination or weekly COVID-19 testing.

9.      Rule 11 of the Federal Rules of Civil Procedure provide, in relevant part, that an attorney who files a pleading with the Court certifies to the best of her knowledge that the factual contentions contained therein either have evidentiary support or will have evidentiary support after a reasonable opportunity for further investigation. Fed. R. Civ. P. 11(b)(3).

10.     Further, Rule 11 of the Federal Rules of Civil Procedure provide, in relevant part, that an attorney who files a pleading with the Court certifies to the best of her knowledge that the claims presented are warranted by existing law or by a nonfrivolous argument for modifying or reversing existing law. Fed. R. Civ. P. 11(b)(2).

11.     Rule 11 provides two avenues for sanctions: 1) the frivolousness clause and 2) the improper purpose clause. *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 752 (7th Cir. 1988). The frivolousness clause consists of two subparts: 1) whether the party or his attorney made a reasonable inquiry into the facts, and 2) whether the party or his attorney made a reasonable

inquiry into the law. *In re Raymond Professional Group*, 420 B.R. 448 (N.D. Ill. Bkrpt. 2009). A violation of either subpart justifies the imposition of sanctions. *Id.*

12.     In this case, Plaintiff acknowledges that he was provided a religious exemption to the COVID-19 vaccination. (**Complaint, ¶ 4**). Defendant accommodated Plaintiff's religious practices until the issuance of Executive Order 2021-22, after which the only accommodation Defendant could legally provide was weekly COVID-19 testing. Plaintiff's failure to include any mention of E.O. 2021-22 is misleading.

13.     Plaintiff further alleges that he sought an exemption from COVID-19 testing based on the Illinois Health Care Right of Conscience Act—a statute which expressly provides it is not necessarily grounded in sincerely held religious beliefs, and Plaintiff's Complaint is devoid of any allegation that weekly testing is contrary to his religious practices. Plaintiff attempts to conflate his request to be excused from taking the vaccine with COVID-19 testing is similarly misleading.

14.     More importantly, Plaintiff's Complaint suggests that Defendant had an obligation (or even an option) to provide Plaintiff an accommodation other than weekly COVID-19 testing. This position is directly contrary to Executive Order 2021-22 which expressly required that health care workers in Illinois either be fully vaccinated against COVID-19 or submit to weekly COVID-19 testing. Weekly testing was the only accommodation permitted by law for those individuals, like Plaintiff, who received religious exemptions from the COVID-19 vaccination requirement. Plaintiff attempts to compare the COVID-19 vaccine to the influenza vaccine, knowing full well that the two received very different treatment under the law. Again, this is intentionally misleading on Plaintiff's part.

4864-8200-2507, v. 1

15.     A reasonable search of applicable law reveals that an employer is not required to provide an accommodation which violates the law. *See e.g., Bhatia v. Chevron U.S.A., Inc.* 734 F.2d 1382, 1383-84 (9th Cir. 1984). In recent months several cases specific to COVID-19 vaccination and testing requirements have affirmed this conclusion. *Villareal v. Rocky Knoll Health Care Center*, 2022 WL 17092090 (E.D. Wisc. Nov. 21, 2022) (exempting employee from COVID-19 testing requirements was an undue hardship as a matter of law because it created increased legal liability); *Creger v. United Launch Alliance LLC*, 571 F.Supp.3d 1256 (N.D. Ala 2021) (employer not required to exempt employees from COVID-19 vaccine requirement imposed by federal regulations).

16.     Plaintiff's Complaint, by failing to acknowledge or address the requirements of Executive Order 2021-22 is sanctionable conduct under the frivolousness clause of Rule 11. Plaintiff's claim cannot be supported in good faith by law or fact. Plaintiff's counsel has either willfully omitted facts that would defeat Plaintiff's claim or has willfully chosen to ignore the law applicable to Plaintiff's claim—law that was central to the decision to dismiss Plaintiff's first lawsuit. Neither Plaintiff nor Plaintiff's counsel are arguing for a modification or reversal of existing law since that law was not mentioned in Plaintiff's Complaint. Instead, Plaintiff's Complaint is intentionally misleading.

17.     As required by Rule 11 of the Federal Rules of Civil Procedure, on January 19, 2023, Defendant's counsel served a copy of this motion, along with a cover letter explaining Defendant's position that Plaintiff's counsel's conduct was sanctionable under Rule 11. Defendant's counsel's letter, which included this motion is attached hereto as **Exhibit H.** Plaintiff's counsel was provided 21 days to withdraw or dismiss Plaintiff's Complaint. Plaintiff's counsel has not done so.

5

18.     Further, 28 USC § 1927 provides that an attorney who unreasonably multiplies proceedings may be ordered to personally satisfy excess costs, expenses and attorneys' fees incurred as a result. In this case, Plaintiff currently has an appeal pending in the Illinois Court of Appeals. That appeal stems from Plaintiff's original lawsuit, which included a claim under federal law and state law, and which was previously removed to this Court which dismissed the federal claim. Plaintiff's counsel's conduct of piecemeal litigation justifies an award of attorneys' fees under 28 U.S.C. § 1927.

WHEREFORE, for each of the foregoing reasons, Defendant Good Samaritan Regional Health Center d/b/a SSM Health Good Samaritan Hospital – Mt. Vernon seeks sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure against Plaintiff and/or Plaintiff's counsel, and for any other relief this Court deems just and proper.

Dated: February 9, 2023                    GREENSFELDER, HEMKER & GALE, P.C.


                                    By:   /s/ T. Christopher Bailey
                                          Amy L. Blaisdell, #6276380
                                          T. Christopher Bailey, #6271580
                                          10 S. Broadway, Suite 2000
                                          St. Louis, MO 63102
                                          T: 314-241-9090
                                          F: 314-241-8624
                                          *apb@greensfelder.com*
                                          *tcb@greensfelder.com*

                                          **Attorneys for Defendant**

4864-8200-2507, v. 1

## CERTIFICATE OF SERVICE

       I hereby certify that on February 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following attorney of record:

Julie Griffeth Quinn
IL Bar #6269852
QUINN LAW & MEDIATION, LLC
1002 Main Street
Mt. Vernon, IL 62864
T: 618-242-9580
jquinn@mtvernonlawyer.us

***Attorneys for Plaintiff***

                                                /s/ T. Christopher Bailey

4864-8200-2507, v. 1