IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH T. GOODRICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-2950-DWD |
| ) | |
| GOOD SAMARITAN REGIONAL ) | |
| HEALTH CENTER d.b.a. SSM ) | |
| HEALTH GOOD SAMARITAN ) | |
| HOSPITAL – MT. VERNON, | |
| ) | |
| Defendant. | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

In the instant case, Plaintiff Joseph T. Goodrich ("Plaintiff") alleges discrimination on the basis of religion under Title VII of the Civil Rights Act of 1964. Defendant Good Samaritan Regional Health Center d/b/a SSM Health Good Samaritan Hospital – Mt. Vernon's ("SSM Good Samaritan") has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 16) and a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 (Doc. 19). For the reasons stated herein, SSM Good Samaritan's Motion to Dismiss (Doc. 16) is **GRANTED**, and its Motion for Sanctions (Doc. 19) is **DENIED**.

## I.     BACKGROUND

Plaintiff was employed at SSM Good Samaritan as a security officer from January 2017 to September 25, 2021. In 2021 employees at SSM Good Samaritan were required to obtain a COVID-19 vaccination. On or about July 12, 2021, Plaintiff requested, and was

granted, an exemption to the COVID-19 vaccination requirement due to a sincerely held religious belief.

On September 3, 2021, Illinois Governor J.B. Pritzker signed Executive Order 2021-22 ("Executive Order").[1] The Executive Order included a requirement that all health care workers[2] be fully vaccinated[3] against COVID-19 or submit to weekly COVID-19 testing by September 19, 2021. The Executive Order provided exemptions to the vaccination requirement for persons for whom vaccination is "medically contraindicated" and for whom vaccination would require violating "a sincerely held religious belief, practice, or observance." *Id.* § 2(e). Persons who qualified for either exemption were required to submit to weekly testing. *Id.* The Executive Order also stated, "Health Care Facilities shall exclude Health Care Workers who are not fully vaccinated against COVID-19 from the premises unless they comply with the testing requirements specified in Subsection (d)."

---

[1] Pursuant to Seventh Circuit authority, a " 'district court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. SCS Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (citing *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). The executive order that is germane to this case is part of the public record. Accordingly, the Court may take judicial notice of it.

[2] Executive Order 2021-22 defines "Health Care Worker" as
> any person who (1) is employed by, volunteers for, or is contracted to provide services for a Health Care Facility, or is employed by an entity that is contracted to provide services to a Health Care Facility, and (2) is in close contact (fewer than 6 feet) with other persons in the facility for more than 15 minutes at least once a week on a regular basis as determined by the Health Care Facility.

Executive Order 2021-22 § 2(a)(i). (Sept. 3, 2021). It defines "Health Care Facility" as
> any institution, building, or agency, or portion of an institution, building or agency, whether public or private (for-profit or nonprofit), that is used, operated or designed to provide health services, medical treatment or nursing, or rehabilitative or preventive care to any person or persons.

*Id.* § 2(a)(ii).

[3] Specifically, Executive Order 2021-22 mandates that all covered persons "have, at a minimum, the first dose of a two-dose COVID-19 vaccine series or a single-dose COVID-19 vaccine by September 19, 2021, and the second dose of a two-dose COVID-19 vaccine series within 30 days following administration of their first dose in a two-dose vaccination series." *Id.* § 2(a)(i).

Thereafter, in September 2021, SSM Good Samaritan told Plaintiff that, because he was not vaccinated, he would be required to submit to weekly COVID-19 testing. On or about September 22, 2021, Plaintiff attended a meeting with his supervisor and department manager. At the meeting, Plaintiff submitted his "Conscientious Refusal" to decline consent to weekly COVID-19 testing. The Conscientious Refusal referenced the Illinois Health Care Right of Conscience Act ("Act"). Pursuant to the Act, " 'conscience' means a sincerely held set of moral convictions arising from belief in and relation to God, or to which, though not so derived, arises from a place in the life of its possessor parallel to that filled by God among adherents to religious faiths." 745 ILCS 70/3(e); Doc. 4 ¶ 10.

On September 25, 2021, Plaintiff was informed that he would not be allowed to continue his scheduled work shift and was placed in a paid time off status pending further direction from leadership. He was then escorted off the property. On September 28, 2021, Plaintiff received a letter indicating that all employees who are unvaccinated must present for testing and, because Plaintiff would not consent to testing, he was terminated via email effective September 28, 2021.

Plaintiff originally filed suit in the Circuit Court for Jefferson County, Illinois, alleging two claims: (1) Count I, a claim under the Illinois Health Care Right of Conscience Act. 745 ILCS 70/1, *et seq.* and (2) Count II, a claim for wrongful termination for failure to submit to emergency use authorization products (Doc. 19-1). SSM Good Samaritan removed the case to this Court, and on May 23, 2022, the undersigned entered an order dismissing Count II and remanding Count I back to Jefferson County for

disposition (Doc. 19-2). *See Goodrich v. Good Samaritan Regional Health Center d/b/a SSM Health Good Samaritan Hospital – Mt. Vernon*, Case No. 22-cv-132-DWD.

On July 19, 2022, the circuit court granted SSM Good Samaritan's motion to dismiss Count I, finding that it failed to state a claim under the Health Care Right of Conscience Act or, alternatively, that an amendment to the Act barred Plaintiff's claim (Doc. 19-3). Plaintiff filed an appeal, and on April 3, 2023, the Illinois Appellate Court (Fifth District) affirmed the dismissal.

Thereafter, Plaintiff filed the instant lawsuit. In this action, Plaintiff contends that SSM Good Samaritan violated Title VII of the Civil Rights Act of 1964 by failing to provide Plaintiff an accommodation to his sincerely held religious belief pertaining to COVID-19 testing requirements.

Presently pending is SSM Good Samaritan's Motion to Dismiss (Docs. 16 and 17) the operative complaint (Doc. 4). SSM Good Samaritan contends the Complaint must be dismissed for failure to state a claim because: (1) the Complaint does not allege that weekly testing violated his sincerely-held religious beliefs, nor does it allege that Plaintiff informed SSM Good Samaritan that weekly COVID-19 testing violated his sincerely-held religious beliefs; (2) the Complaint acknowledges that SSM Good Samaritan accommodated Plaintiff's religious objection to the COVID-19 vaccine, and he is only entitled to a reasonable accommodation; or (3) an employer need not provide an employee an accommodation that would violate the law.

SSM has also filed a Motion for Sanctions (Doc. 19). The Motion for Sanctions is premised on the fact that the Complaint "omits any mention of Executive Order 2021-22

or its COVID-19 testing requirements, fails to mention that weekly COVID-19 [testing] was the only accommodation permitted by law to individuals who declined the COVID-19 vaccination due to religious reasons, and fails to mention that the Executive Order required Defendant, as a matter of law, to exclude Plaintiff from its premises for refusing both COVID-19 vaccination or weekly COVID-19 testing." (Doc. 19). According to SSM Good Samaritan, in the original lawsuit at the circuit court level and in its briefing before the Illinois Appellate Court, SSM Good Samaritan relied upon and cited extensively to Executive Order 2021-22. Therefore, SSM Good Samaritan argues, Plaintiff and his attorney have been aware of Executive Order 2021-22 and its requirements for months prior to the filing of this lawsuit. *Id.* SSM Good Samaritan contends that this warrants sanctions under Federal Rule of Civil Procedure 11. *Id.*

## II.   Motion to Dismiss

### A. Standard of Review

SSM Good Samaritan moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docs. 16 and 17). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, a court must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 893 (7th Cir. 2018) (citing *Deppe v. NCAA*, 893 F.3d 498, 499 (7th Cir. 2018)).

B. **Discussion**

"Title VII forbids employment discrimination on account of religion." *EEOC v. Walmart Stores E., L.P.*, 992 F.3d 656, 658 (7th Cir. 2021) (citing 42 U.S.C. § 2000e–2(a)(1)). As used in Title VII, "religion" "includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

To state a *prima facie* case of religious discrimination based on failure to accommodate, a plaintiff must allege that (1) "the observance or practice conflicting with an employment requirement is religious in nature;" (2) the employee "called the religious observance or practice to [the] employer's attention;" and (3) "the religious observance or practice was the basis for [the employee's] discharge or other discriminatory treatment." *Adeyeye v. Heartland Sweeteners*, LLC, 721 F.3d 444, 449 (7th Cir. 2013) (quoting *Porter v. City of Chicago*, 700 F.3d 944, 951 (7th Cir. 2012) (internal quotations omitted)). Once the plaintiff has established a prima facie case, the employer-defendant must demonstrate that it could not, and cannot, accommodate the plaintiff's religious practice without "undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e-2(a)(1)(j); *Baz*, 782 F.2d at 706. An undue hardship is anything that imposes more than a de *minimus* burden on the employer. *Reed v. Great Lakes Companies, Inc.*, 330 F.3d 931, 935 (7th Cir.2003).

SSM Good Samaritan contends the Complaint must be dismissed because Plaintiff does not allege that weekly COVID-19 testing conflicted with a religious belief or that he

informed SSM Good Samaritan that weekly COVID-19 testing conflicted with a religious belief. This is not accurate. The Complaint alleges, in relevant part, as follows:

> (6) On or about September 22, 2021, on his day off, Goodrich attended a meeting with his supervisor, Mike Tepe, and his department manager, Chad Black. At that meeting Goodrich submitted his "Conscientious Refusal" to decline consent to weekly COVID-19 testing.
>
> (7) After his meeting with his supervisor and department manager, Goodrich emailed and mailed by certified mail a signed copy of his "Conscientious Refusal" to weekly COVID-19 testing to Laura kaiser, President/Chief Executive Officer of SSM health. Goodrich requested a reply but did not receive one.
>
> ***
>
> (9) Goodrich's "Conscientious Refusal" to weekly COVID-19 testing cited state law regarding the right of conscience.
>
> (10) Under the Illinois Health Care Right of Conscience Act, cited by Goodrich in his letter to his employer, " 'Conscience' means a sincerely held set of moral convictions arising from belief in and relation to God, or to which, though not so derived, arises from a place in the life of its possessor parallel to that filled by God among adherents to religious faiths." 745 ILCS 70/4(e).

(Doc 4 ¶¶ 6-7, 9-10).

Drawing all reasonable inferences in Plaintiff's favor, as the Court must at this stage of the litigation, the Court finds that the Complaint sufficiently alleges that weekly COVID-19 testing violated his religious beliefs and that by referencing the Illinois Health Care Right of Conscious Act, Plaintiff's "Conscientious Refusal" letter advised SSM Good Samaritan of the same.[4]

---

[4] In its Motion for Sanctions, SSM Good Samaritan notes that the Illinois Health Care Right of Conscious Act expressly provides that it is not *necessarily* grounded in sincerely held religious beliefs. While this is true, it is enough, at this early stage, that Plaintiff's reference to the Illinois Health Care Right of Conscious Act indicated that his objection to weekly testing could have been grounded in a sincerely held religious

SSM Good Samaritan next argues that the Complaint is subject to dismissal because SSM Good Samaritan accommodated Plaintiff's religious objection to the COVID-19 *vaccine*. The parties agree that Plaintiff advised SSM Good Samaritan that receiving the COVID-19 *vaccination* violated his religious beliefs and that SSM Good Samaritan exempted Plaintiff from the COVID-19 *vaccination* requirement. *See* Doc. 4, ¶ 4 ("on or about July 12, 2021, Joseph Goodrich informed Employer that he was opting out of COIVD-19 vaccination because of his sincerely-held religious beliefs and Employer granted his request."). SSM Good Samaritan contends that because it provided a reasonable accommodation, the statutory inquiry is at an end, and the Complaint is subject to dismissal. *See* e.g., *Porter v. City of Chicago*, 700 F.3d 944, 951 (7th Cir. 2012) (the accommodation need only be reasonable; "[i]t need not be the employee's preferred accommodation or the accommodation most beneficial to the employee"). *Id.* at 952 ("Accordingly, 'once the employer has offered an alternative that reasonably accommodates the employee's religious needs … the statutory inquiry is at an end.'"). *Id.* at 952 quoting *EEOC v. Ilona of Hungary, Inc.,* 108 F.3d 1569, 1576 (7th Cir. 1997). But the Complaint alleges that the proposed accommodation, weekly COVID-19 testing, also violated Plaintiff's religious beliefs, and providing an accommodation that "will result in continued infringement does not fulfill Title VII's requirements." *Groff v. DeJoy*, 35 F.4th 162, 171 (3d Cir. 2022), *cert. granted*, 214 L. Ed. 2d 382, 143 S. Ct. 646 (2023). *See also Wright v. Runyon,* 2 F.3d 214, 217 (7th Cir.1993) (quoting *Philbrook,* 479 U.S. at 70, 107 S.Ct. 367)

---

belief. Under the Act, one possible definition of "conscious" is "a sincerely held set of moral convictions arising from belief in and relation to God…" 745 ILCS 70/3(e).

(a "reasonable accommodation" of an employee's religious practices is "one that 'eliminates the conflict between employment requirements and religious practices.' "). Certainly, if the proposed employer's accommodation does not meaningfully remove the conflict with the employee's religious practices, it cannot be said to be a reasonable accommodation. Accordingly, this argument does not provide a basis for dismissing the Complaint.

That leaves SSM Good Samaritan's argument regarding undue hardship. SSM Good Samaritan contends that the Complaint must be dismissed because accommodating Plaintiff's religious beliefs would necessarily, as a matter of law, impose an undue hardship.

An undue hardship is anything that imposes more than a de *minimus* burden on the employer. *Reed v. Great Lakes Companies, Inc.*, 330 F.3d 931, 935 (7th Cir. 2003). Normally, whether a religious exemption is an undue hardship is a question of fact not suitable for determination on a motion to dismiss. *See, e.g., McWright v. Alexander*, 982 F.2d 222, 227 (7th Cir. 1992). But dismissal of an employee's Title VII claim because of undue hardship is appropriate where, in granting the employee's accommodation request, the employer would be required to violate state or federal law. *See* e.g., *Lowman v. NVI LLC*, 821 F. App'x 29, 32 (2d Cir. 2020) (upholding the lower court's dismissal of a Title VII claim where an employer could not have granted an employee's accommodation request without violating federal law); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999) (affirming dismissal of the plaintiff's complaint because the requested accommodation would require the employer to violate federal law, which was

an undue hardship as a matter of law); *see generally* Matthews v. Wal-Mart Stores, Inc., 417 F. App'x 552, 554 (7th Cir. 2011) (Title VII does not require employers to provide accommodations that would place them "on the 'razor's edge' of liability.") (citing Flanagan v. Ashcroft, 316 F.3d 728, 729-30 (7th Cir. 2003)); Yeager v. FirstEnergy Generation Corp., 777 F.3d 362, 363 (6th Cir. 2015) ("[e]very circuit to consider the issue has ... h[e]ld that Title VII does not require an employer to reasonably accommodate an employee's religious beliefs if such accommodation would violate a federal statute."); Sutton, 192 F.3d at 826 ("[C]ourts agree that an employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal or state law.").

In the instant case, considering the Complaint's allegations and Executive Order 2021-22, of which the Court may take judicial notice, resolving SSM Good Samaritan's argument regarding undue hardship at the motion to dismiss stage is appropriate.[5] Executive Order 2021-22 required all healthcare workers in Illinois to have the COVID-19 vaccine. It further provided that any employee who was not fully vaccinated was required to submit to weekly COVID-19 testing. Weekly COVID-19 testing was the *only* accommodation permitted by the Executive Order, and healthcare facilities were required to exclude unvaccinated employees from their facilities unless they complied

---

[5] Undue hardship is an affirmative defense. Adeyeye v. Heartland Sweeteners, LLC, 721 F.3d 444, 448 (7th Cir. 2013). District courts ordinarily should not dismiss a complaint based on an affirmative defense, but "when it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law, dismissal is appropriate." Parungao v. Cmty. Health Sys., Inc., 858 F.3d 452, 457 (7th Cir. 2017) (cleaned up). As previously noted, the Court may take judicial notice of Executive Order 2021-22 because it is a matter of public record and is germane to Plaintiff's claims.

with weekly testing. Considering this, the accommodations requested by Plaintiff – exemption from the vaccine requirement *and* from weekly testing—would have required SSM Good Samaritan to violate state law. Therefore, the Court finds that accommodating Plaintiff's religious-based vaccine and weekly testing exemption requests would have imposed an undue hardship as a matter of law.

The Complaint must therefore be dismissed. Because no amendment could cure the legal deficiency discussed herein, no further amendment will be permitted, and the dismissal of the Complaint will be with prejudice.

### III.   Motion for Sanctions

SSM Good Samaritan has moved for sanctions under Federal Rule of Civil Procedure 11. The gist of SSM Good Samaritan's arguments for sanctions is that had Plaintiff's counsel made a reasonable inquiry into the facts and applicable law she would have discovered that the Title VII claim was meritless and would have known that relief would ultimately be denied.

Rule 11 contains two grounds for sanctions: a "frivolous" clause and an "improper purpose" clause. *Stotler and Company v. ABLE,* 870 F.2d 1158, 1166 (7th Cir 1989). The "frivolous clause" is composed of two parts: (1) whether the party or the attorney made a reasonable inquiry into the facts, and (2) whether the party or the attorney made a reasonable inquiry into the law. *Id.* Here, the court does not think that Plaintiff's failed Title VII claim rises to the level of a Rule 11 violation.

SSM Good Samaritan notes that Plaintiff's objection to weekly COVID-19 testing was based on the Illinois Health Care Right of Conscience Act which does not *necessarily*

implicate a sincerely held religious belief. Accordingly, SSM Good Samaritan argues, alleging that Plaintiff objected to weekly COVID-19 testing because of his religious beliefs (or that Plaintiff advised SSM Good Samaritan that his objection to testing was grounded in his religious beliefs) is misleading. The Court disagrees. The Right of Conscience Act refines its reach in defining the terminology it sets forth, including its definition of "conscience" as "a sincerely held set of moral convictions arising from belief in and relation to God, or which, though not so derived, arises from a place in the life of its possessor parallel to that filled by God among adherents to religious faiths." 745 ILCS 70/3(e). Thus, although an objection raised in connection with the Right of Conscience Act does not necessarily implicate an underlying religious belief, it certainly could implicate such a belief.

SSM Good Samaritan also contends that the Complaint was legally frivolous because it implied that SSM Good Samaritan had an option to provide Plaintiff with an accommodation other than weekly COVID-19 testing. SSM Good Samaritan correctly notes that this position is directly contrary to Executive Order 2021-22 which expressly required that health care workers in Illinois either be fully vaccinated against COVID-19 or submit to weekly COVID-19 testing. SSM Good Samaritan also faults Plaintiff for failing to acknowledge the existence of Executive Order 2021-22 in his Complaint. In responding to the motion for sanctions, Plaintiff's counsel contends that the Executive Order was not "a lawful reason to terminate [Plaintiff] or to commit employment discrimination." (Doc. 21, ¶ 4). Although the responsive pleading is threadbare, and although Plaintiff's counsel was ultimately incorrect in her legal assessment, the Court

does not find Plaintiff's counsel intentionally misled the Court or that her conduct in this case otherwise amounts to a Rule 11 violation. *Corley v. Rosewood Care Ctr., Inc. of Peoria,* 388 F.3d 990, 1014 (7th Cir. 2004) ("The fact that the underlying claim turned out to be groundless does not necessarily mean that Rule 11 sanctions are appropriate (much less required).").

The Court therefore finds that the Title VII claim, although not meritorious, was not so frivolous as to warrant sanctions and denies SSM Good Samaritan's motion.

### IV. CONCLUSION

SSM Good Samaritan's Motion to Dismiss (Doc. 16) is **GRANTED**. Because no amendment could cure the legal deficiencies in Plaintiff's Complaint, no further amendment will be permitted, and the dismissal of the Complaint is with prejudice. SSM Good Samaritan's Motion for Sanctions (Doc. 19) is **DENIED**.

The Court **DIRECTS** the Clerk of Court to close the case and to enter judgment accordingly.

**SO ORDERED.**

Dated: April 21, 2023

DAVID W. DUGAN
United States District Judge